**Nos. 25-1657, 25-1659**

# In the United States Court of Appeals for the Seventh Circuit

RONALD L. SCHROEDER, ET AL.

and

NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES, ET AL.,
*Plaintiffs-Appellants-Cross-Appellees,*

v.

MARIO TRETO, JR.,
*Defendant-Appellee-Cross-Appellant.*

On Appeal from the United States District Court for the
Northern District of Illinois, Western Division
Case No. 3:16-cv-50310, Hon. Iain D. Johnston

**MOTION OF THE CATHOLIC CONFERENCE OF ILLINOIS, THE ILLINOIS CATHOLIC HEALTH ASSOCIATION, THE ORTHODOX CHURCH IN AMERICA, AND THE SERBIAN ORTHODOX DIOCESE OF NEW GRAČANICA-MIDWESTERN AMERICA FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS–APPELLANTS–CROSS-APPELLEES AND AFFIRMANCE IN DEFENDANT'S CROSS-APPEAL**

Eric C. Rassbach
Richard C. Osborne
  *Counsel of Record*
Timothy P. Kowalczyk
THE BECKET FUND FOR
  RELIGIOUS LIBERTY
1919 Pennsylvania Ave. N.W.,
  Suite 400
Washington, DC 20006
(202) 955-0095
*rosborne@becketfund.org*

*Counsel for Amici Curiae*

## MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE*

Pursuant to Federal Rule of Appellate Procedure 29, the Catholic Conference of Illinois, the Illinois Catholic Health Association, the Orthodox Church in America, and the Serbian Orthodox Diocese of New Gračanica-Midwestern America respectfully request leave to file a brief *amici curiae* in support of Cross-Appellees and affirming the district court's decision regarding the constitutionality of Illinois's benefits-discussion requirement, 745 Ill. Comp. Stat. 70/6.1(1), which requires pro-life religious pregnancy centers to explain the "benefits" of abortion. Cross-Appellees consent to this request, but Cross-Appellant does not.

Under the Federal Rules of Appellate Procedure, a motion for leave to file an amicus brief should state "the movant's interest" and "the reason why an amicus brief is desirable" and "relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). Further, it is the "policy of this court … to grant permission to file an amicus brief … when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). Amici's proposed brief meets these interest, relevance, and distinctive-contribution requirements.

***Interest and Relevance.*** Amici have a significant interest in the proper disposition of Defendant's cross-appeal. Cross-Appellant asserts that the First Amendment does not protect religious healthcare institutions and providers from being compelled to speak in a way that violates

their sincerely held religious beliefs. *See, e.g.*, Cross-Appellant's Br.30-36. Although Amici belong to different religious traditions, they are united in their concern that allowing Illinois to force religious groups and individuals to speak and promote the State's preferred viewpoint on an issue of public and moral concern would threaten their ability to communicate with the faithful and weaken their public witness. Amici therefore stand firmly against laws that burden religious speech like the one at issue in this cross-appeal.

***Distinctive Contribution.*** Amici's brief makes a distinctive contribution to the Court's evaluation of Defendant's cross-appeal in at least three ways.

First, it demonstrates that the Free Speech Clause stands in a long tradition of protection for religious speech that stretches back from well before the founding until today. Amicus Br.4-24. Amici argue that this history means that religious speech—like political speech—is core speech that cannot be burdened unless the regulation furthers a historically recognized compelling government interest.  Second, the brief explains that Illinois's benefits-discussion requirement violates the Free Speech Clause because it burdens Cross-Appellees' core religious speech about abortion, and it does not further a historically recognized compelling government interest that might justify such a burden. Amicus Br.24-28. Third, the brief also explains how giving religious entities the highest level of First Amendment protection offers predictability to both litigants

2

and courts because it will ensure that religious groups cannot be forced to violate their consciences outside of a limited and defined set of historically recognized compelling interests, which will ultimately make other religious-speech cases easier to decide. Amicus Br.28-31.

Amici's involvement in matters directly relevant to this case, and Amici's unique and relevant arguments, all support granting leave to file. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers) (amicus brief makes distinctive contribution and "add[s] value" when it "offer[s] a different analytical approach to the legal issues before the court"); *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (noting approvingly that "the predominant practice in the courts of appeals" is to "freely grant leave to file, provided the brief is timely and well-reasoned").

## CONCLUSION

For these reasons, Amici should be granted leave to file the attached brief.

<div style="display: flex;">
<div>December 16, 2025</div>
<div>

Respectfully submitted.

*/s/Richard C. Osborne*
Eric C. Rassbach
Richard C. Osborne
  *Counsel of Record*
Timothy P. Kowalczyk
THE BECKET FUND FOR
  RELIGIOUS LIBERTY
1919 Pennsylvania Ave. N.W.,
  Ste. 400
Washington, DC 20006
(202) 955-0095
*rosborne@becketfund.org*

*Counsel for Amici Curiae*

</div>
</div>

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with (1) the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 616 words, excluding the parts exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f), and (2) the typeface and style requirements of Fed. R. App. P. 32(a)(5)-(6) and 7th Cir. R. 32 because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the program used for the word count).

/s/Richard C. Osborne
Richard C. Osborne

Dated: December 16, 2025

## CERTIFICATE OF SERVICE

I certify that on December 16, 2025, the foregoing brief was served on counsel for all parties by means of the Court's ECF system.

<div style="text-align: right;">

*/s/Richard C. Osborne*
Richard C. Osborne

</div>