Nos. 25-1603, 25-1659, 25-1655, 25-1657 (cons.)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| RONALD L. SCHROEDER, *et al.*, | ) | On Appeal from the United States District Court for the Northern District of Illinois, Western Division |
| Plaintiffs-Appellants/Cross-Appellees, | ) ) ) | |
| v. | ) ) | No. 1:17-cv-04663 |
| MARIO TRETO, JR., in his official capacity as Secretary of the Illinois Department of Financial and Professional Regulation, | ) ) ) ) ) | |
| Defendant-Appellee/Cross-Appellant. | ) ) ) | The Honorable IAIN D. JOHNSTON, Judge Presiding. |
| NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES, *et al.*, | ) ) ) | On Appeal from the United States District Court for the Northern District of Illinois, Western Division |
| Plaintiffs-Appellants/Cross-Appellees, | ) ) ) | |
| v. | ) ) | No. 3:16-cv-50310 |
| MARIO TRETO, JR., in his official capacity as Secretary of the Illinois Department of Financial and Professional Regulation, | ) ) ) ) ) | |
| Defendant-Appellee/Cross-Appellant. | ) ) ) | The Honorable IAIN D. JOHNSTON, Judge Presiding. |

**DEFENDANT-APPELLEE/CROSS-APPELLANT'S COMBINED RESPONSE TO MOTIONS TO RECONSIDER DENIAL OF LEAVE TO FILE BRIEFS OF *AMICUS CURIAE***

Defendant-Appellee/Cross-Appellant Mario Treto, Jr., in his official capacity as Secretary of the Illinois Department of Financial and Professional Regulation ("the Secretary"), files this response to the motions of the Catholic Conference of Illinois, the Illinois Catholic Health Association, the Orthodox Church in America, and the Serbian Orthodox Diocese of New Gračanica-Midwestern America (together, "the Religious Organizations"), 7th Cir. Doc. 61, and of Care Net, 7th Cir. No. 25-1657 Doc. 63.[1]  These motions request reconsideration of this court's orders of December 23, 2025 and December 30, 2025, which denied the Religious Organizations and Care Net leave to file *amicus* briefs in support of plaintiffs.  *See* 7th Cir. Docs. 55, 60.  This court correctly denied the motions for leave to file because the proposed briefs were untimely.  The Secretary submits the attached declaration in support and states the following.

## BACKGROUND

1.  This case involves constitutional challenges brought by two sets of plaintiffs to two subsections of an Illinois statute, 745 ILCS 70/6.1(1) ("the Discussion Protocol") and 6.1(3) ("the Referral Protocol").  *See* 7th Cir. Doc. 37 at 7-9.  The district court rejected the challenge to the Referral Protocol, and each set of plaintiffs filed an appeal.  *Id.* at 4-5, 12-14.  These appeals were docketed as the main appeals, nos. 25-1603 and 25-1655.  7th Cir. Doc. 2.

---

[1] Citations to this court's docket are to the lead appeal, No. 25-1603, except for Care Net's motion to reconsider, which was not filed in the lead appeal.  That motion is cited by reference to the docket in no. 25-1657.

2. The district court also declared that the Discussion Protocol was unconstitutional, and the Secretary cross-appealed from that aspect of the judgment. 7th Cir. Doc. 37 at 4-5, 12-14. The cross-appeals were docketed as nos. 25-1657 and 25-1659. *See* 7th Cir. Doc. 2. This court consolidated the four appeals. *Id*.

3. On May 28, 2025, plaintiffs filed a consolidated principal brief. 7th Cir. Doc. 24. On October 27, 2025, the Secretary filed a combined principal and response brief. 7th Cir. Doc. 37. On December 19, 2025, plaintiffs filed a combined response and reply brief. 7th Cir. Doc. 48. The Secretary's reply brief in the cross-appeals currently is due on January 30, 2026. 7th Cir. Doc. 54.

4. On October 16, 2025, counsel for Care Net asked counsel for the Secretary if the Secretary would consent to Care Net's proposed *amicus* brief in support of plaintiffs. Counsel for the Secretary responded that the brief would be untimely, so the Secretary did not consent.

5. On November 12, 2025, counsel for the Religious Organizations asked counsel for the Secretary if the Secretary would consent to the Religious Organizations' proposed *amicus* brief in support of plaintiffs. Counsel for the Secretary responded that the brief would be untimely, so the Secretary did not consent.

6. On December 16, 2025, the Religious Organizations filed a motion for leave to file an *amicus* brief in support of plaintiffs. 7th Cir. Doc. 46. On December 22, 2025, Care Net also sought leave to file an *amicus* brief in support of plaintiffs.

7th Cir. Doc. 51. This court denied these motions on December 23 and December 30, respectively, ruling that they were untimely. 7th Cir. Docs. 55, 60.

7. The Religious Organizations and Care Net have now filed motions to reconsider, arguing that the proposed *amicus* briefs were timely because they were filed only in support of the cross-appeals. 7th Cir. Doc. 61; 7th Cir. No. 25-1657 Doc. 63-1.

## ARGUMENT

8. This court correctly denied the requests for leave to file the proposed *amicus* briefs in support of plaintiffs because the motions for leave to file were untimely. Any such briefs were due on June 4, 2025, seven days after plaintiffs filed their principal brief.

9. Federal Rule of Appellate Procedure 29 directs a proposed *amicus curiae* to file their proposed brief "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6).[2] Federal Rule of Appellate Procedure 28.1, which governs cross-appeals, defines the appellant's "principal" brief as the first brief filed by the appellant. Fed. R. App. P. 28.1(c)(1).

10. Here, plaintiffs filed their principal brief on May 28, 2025. 7th Cir. Doc. 24 (titled "Consolidated Principal Brief"). Accordingly, any *amicus* briefs in support

---

[2] The text of this court's Practitioner's Handbook repeats Rule 29(a)(6)'s timing requirement. *See Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* (2020 ed.), at 180; *cf.* 7th Cir. No. 25-1657 Doc. 63-1 at 2-3 (Care Net's citation to a later footnote in the Practitioner's Handbook, which appears to shorthand the text of Rule 29(a)(6)).

4

of plaintiffs were due on June 4, 2025 — seven days after plaintiffs filed their principal brief. The proposed *amicus* briefs, filed over six months later, are untimely.

11. Both the Religious Organizations and Care Net argue that their briefs are timely because they are in support of the cross-appeals only, and not in support of the main appeals. 7th Cir. Doc. 61; 7th Cir. No. 25-1657 Doc. 63-1. The text of the Federal Rules precludes their argument. As noted, the timing of an *amicus* brief is determined by the filing of a party's "principal" brief, Fed. R. App. P. 29(a)(6), and the Rule pertaining to cross-appeals defines the appellant's first brief as the "principal" brief, Fed. R. App. P. 28.1(c)(1).

12. In the alternative, if the court were to allow the Religious Organizations' and Care Net's untimely *amicus* briefs, the Secretary asks the court not to allow any untimely *amicus* briefs that address the main appeals. Namely, the proposed brief submitted by the American Center for Law & Justice ("ACLJ") addresses plaintiffs' challenge to the Referral Protocol, which is the subject of the main appeals, only. *See* 7th Cir. Doc. 50-2 at 2-5. And the proposed brief of the Christian Medical & Dental Association ("CMDA") likewise addresses the Referral Protocol only. *See generally* 7th Cir. Doc. 57-2. This court denied ACLJ's request for leave to file its *amicus* brief, 7th Cir. Doc. 60, and has not yet ruled on CMDA's request. The Secretary would be prejudiced if the court permits *amicus curiae* to make arguments about the Referral Protocol to which the Secretary cannot respond. *See* Fed. R. App. P. 28.1(c)(4) (appellee/cross-appellant's reply brief must be limited to the cross-appeals).

        Respectfully submitted,

        KWAME RAOUL
        Attorney General
        State of Illinois

By:    /s/ Leigh J. Jahnig
        LEIGH J. JAHNIG
        Assistant Attorney General
        115 South LaSalle Street
        Chicago, Illinois 60603
        (312) 793-1473 (office)
        (773) 590-7877 (cell)
        Leigh.Jahnig@ilag.gov

# DECLARATION

I, Leigh J. Jahnig, state the following:

1. I am a citizen of the United States over the age of 18. My current business address is 115 South LaSalle Street, Chicago, Illinois 60603. I have personal knowledge of the facts set forth in this declaration. If called upon, I could competently testify to these facts.

2. I am an Assistant Attorney General in the Civil Appeals Division of the Office of the Attorney General of the State of Illinois, and I represent Defendant-Appellee/Cross-Appellant Mario Treto, Jr., in his official capacity as Secretary of the Illinois Department of Financial and Professional Regulation, in these consolidated appeals, nos. 25-1603, 25-1659, 25-1655, and 25-1657.

3. On October 16, 2026, counsel for Care Net emailed me asking if the Secretary would consent to Care Net's proposed *amicus* brief in support of plaintiffs. I responded that the Secretary did not consent because such a brief would be untimely.

4. On November 12, 2025, counsel for the Religious Organizations emailed me asking if the Secretary would consent to the Religious Organizations' proposed *amicus* brief in support of plaintiffs. I responded that the Secretary did not consent because such a brief would be untimely.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on January 9, 2026.

<u>/s/ Leigh J. Jahnig</u>
LEIGH J. JAHNIG
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 793-1473 (office)
(773) 590-7877 (cell)
Leigh.Jahnig@ilag.gov

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on January 9, 2026, I electronically filed the foregoing Defendant-Appellee/Cross-Appellant's Combined Response to Motions to Reconsider Denial of Leave to File Briefs of *Amicus Curiae* with the Clerk of United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this appeal, named below, are CM/ECF users, and thus will be served via the CM/ECF system.

| | |
|---|---|
| Erik Baptist<br>ebaptist@adflegal.org | James A. Campbell<br>jcampbell@adflegal.org |
| Erin Morrow Hawley<br>ehawley@adflegal.org | Thomas Gerald Olp<br>tolp@thomasmoresociety.org |
| Kevin Theriot<br>ktheriot@adflegal.org | Julia Catherine Koon<br>jkoon@adflegal.org |

By: /s/ Leigh J. Jahnig
LEIGH J. JAHNIG
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 793-1473 (office)
(773) 590-7877 (cell)
Leigh.Jahnig@ilag.gov